IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN PHEGLEY, ) | Case No. 09-44269 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| SHERI PHEGLEY, ) | Adversary No. 09-4296 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN PHEGLEY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Sheri Phegley ("Plaintiff") filed a complaint seeking a determination that certain debts of John Phegley ("Debtor") should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) & (15)[1] on the grounds that those debts constitute maintenance and were incurred in connection with the judgment of dissolution of marriage. In his answer, Debtor denied that the debts were for maintenance and claimed they were a division of marital property and therefore dischargeable. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that the debts relating to monthly maintenance payments and

---

[1] The Court notes that it ruled at a pre-trial conference that the §523(a)(15) claim is premature at this juncture. Under §1328(a), in a Chapter 13 case all debts are dischargeable except, relevant to this proceeding, those under §523(a)(5). That provision would not become applicable unless the case were to be converted to one under Chapter 7 or Debtor sought a hardship discharge under §1328(b). In addition, at the trial the Court ruled that the monthly child support payments were excepted from discharge under § 523(a)(5).

attorney's fees are in the nature of a domestic support obligation under § 523(a)(5) and are therefore non-dischargeable.

## I. FACTUAL BACKGROUND

On June 3, 2009, the Circuit Court of Jackson County, Missouri, entered a Judgment and Decree of Dissolution of Marriage (the "Judgment") that dissolved the marriage of Plaintiff and Debtor[2]. The Judgment ordered, *inter alia*, the following:

1. That Debtor shall pay to Plaintiff $1,250.00 per month as and for contractual maintenance for a period of forty-eight (48) months beginning on the 1st day of July, 2009 and continuing on the 1st day of each month until the final payment is due at which time Debtor's maintenance obligation shall terminate; provided, however, that such maintenance may earlier terminate upon Petitioner's remarriage or the death of either party.

2. That Debtor shall pay a portion of Plaintiff's attorney's fees in the amount of $9,178.69.

3. That Debtor and Plaintiff were each awarded certain items of marital property and Debtor was ordered to pay to Plaintiff $32,371.98 as equalization of property.

On September 2, 2009, Debtor filed a Chapter 13 bankruptcy petition. On December 11, 2009, Plaintiff filed a Complaint to Determine Dischargeability of Indebtedness Pursuant to 11 U.S.C. § 523. In the Complaint, Plaintiff contended that the attorney's fees and monthly payments in the amount of $1,250 are non-dischargeable pursuant to § 523(a)(5) & (15) on the grounds that those debts constitute maintenance and debt incurred in connection with the judgment of dissolution of marriage. Debtor denied these allegations and asserted that the debts

---

[2] Plaintiff's Ex. 1.

are in the form of a division of marital property and should not be excepted from discharge.

## II. DISCUSSION

### A. 11 U.S.C. § 523(a)(5)- General Principles

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is-

(A) owed to or recoverable by-

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

. . .

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-

(i) a separation agreement, divorce decree, or property settlement agreement;

. . .

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case. *See In re Braun,* 2008 WL 2130313, 2 (Bankr. D.

Neb. 2008). For purposes of the case at hand, discharge is at issue. Domestic support obligations are not discharged in Chapter 13 proceedings. *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5). Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A). If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they entitled to priority status, as this Court noted at the pre-trial conference. In this case, the requirements of § 101(14A)(A) & (C) are satisfied and not at issue; but whether the debt is in the nature of alimony, maintenance or support as required under § 101(14A)(C) is the issue of this adversary proceeding.

The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. *Id.* When deciding whether a debt should be characterized as one for support or property settlement, the crucial question is the function the award was intended to serve. *Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir. 1992); *Boyle v. Donovan,* 724 F.2d 681, 683 (8th Cir.1984) (citing *Williams v. Williams (In re Williams),* 703 F.2d 1055, 1057 (8th Cir.1983)); *see Kruger v. Ellis (In re Ellis)*, 149 B.R. 925, 927 (Bankr. E.D. Mo 1993) (finding that in order to determine whether an award represents a property settlement or a maintenance obligation, a court must look to the function an award was intended to serve).

Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. *See Williams*, 703 F.2d at 1056. A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court but is however a starting point for the determination of the award's intended function. *Id.;*

4

*In re Hamblen*, 233 B.R. 430, 435 (Bankr. W.D. Mo. 1999) (due deference should be given to the state court's characterization of the award). The burden of proof under § 523(a)(5) is on the party asserting that the debt is nondischargeable. *Lineberry v. Lineberry (In re Lineberry)*, 9 B.R. 700, 706 (Bankr. W.D. Mo. 1981).

Factors considered by the courts in making this determination include: the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments. *Morgan v. Woods (In re Woods)*, 309 B.R. 22 (Bankr. W.D. Mo. 2004); *In re Tatge*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997); *Schurman v. Schurman (In re Schurman)*, 130 B.R. 538, 539 (Bankr. W.D. Mo. 1991) (citing *In re Gianakas*, 917 F.2d 759 (3d Cir. 1990)).

Exceptions from discharge for spousal and child support deserve a liberal construction, and the policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor, even if the support obligation is owed directly to a third party. *See Holliday v. Kline (In re Kline),* 65 F.3d 749 (8th Cir. 1995); *Williams v. Kemp (In re Kemp),* 242 B.R. 178, 181 (B.A.P. 8th Cir. 1999), *aff'd* 232 F.3d 652 (8th Cir. 2000).

### B. Monthly Maintenance Payments

With respect to the parties' relative financial circumstances at the time of dissolution,

Plaintiff was earning $2,183 per month and Debtor was earning $5,000 per month[3]. Plaintiff was working part-time as a substitute teacher and was going to school to earn a teaching certificate[4]. After receiving into evidence Plaintiff's Income and Expense Statement, the court found that she could not presently earn sufficient income to support herself[5]. The district court determined that the monthly maintenance payments were necessary so that Plaintiff could continue her education and pursue her teaching certificate. The district court also determined that Debtor was receiving renewal income from his previous employer and had income from selling stock and that he was perhaps grossing $1,500 per month from his current employer Merchant Card Processing[6].

This is indicative of the court's intent that Plaintiff did not have sufficient income to support herself without receiving the monthly maintenance payments to function as domestic support. Further, the fact that the monthly maintenance payments were ordered to be contingent upon such events as death or remarriage is another indicia of a domestic support award. *See In re Sorah*, 163 F.3d 397, 401 (6th Cir. 1998). Other indicative factors include the fact that Debtor was awarded the majority of the marital personal property which would lend itself to the determination that the district court found Plaintiff was entitled to monthly maintenance payments as a means of support. Additionally, the payments are in the nature of periodic payments as discussed further below.

The language of the Judgment is clear that the district court judge was concerned about

---

[3] Plaintiff's Ex. 1, ¶ 39.

[4] Plaintiff's Ex. 1, ¶¶ 1, 13.

[5] *Id.*, ¶ 14.

[6] *Id.*, ¶¶ 25-26.

providing sufficient support for Plaintiff when he ordered Debtor to pay alimony at the rate of $1,250.00 per month for a period of 4 years and specifically stated that "[t]he Court believes that it is more prudent to award maintenance to the Petitioner and let the Respondent continue to receive the renewal income."[7] It went on to determine that it would award maintenance for a period of four years so that Plaintiff may continue her education and pursue her teaching certificate[8]. The district court clearly took into account the parties' income and expenses, their employment at the time of dissolution and ability to obtain a job, Plaintiff's continuing schooling and whether Plaintiff could support herself without monthly maintenance payments during the time period that she was continuing her education.

In his post-trial brief, Debtor argues that the maintenance award should be considered to be "maintenance in gross" or a lump sum because it is for a set period of time, i.e, 48 months and was, therefore, intended to be considered a division of marital property. The Court disagrees that this was a lump sum award. The language in the Judgment does not indicate such and the fact that a gross amount can be calculated due to the fact that the district court set the award for a period of four years is because that is the amount of time that the court determined it would take Plaintiff to continue her education and earn a teaching certificate, as discussed above.

The Court also disagrees that because the district court set the payments for a set period of time that it intended for that award to be considered a division of marital property. As discussed above, the court characterized the payments as maintenance and also specifically stated its reasoning as to the four year time period, that being that Plaintiff was continuing her

---

[7] Plaintiff's Ex. 1, ¶ 38.

[8] Plaintiff's Ex. 1, ¶ 38.

education and pursuing a teaching certificate.  This appears to be the court's reasoning for awarding maintenance for four years rather than attempting to divide marital property.  Further, as noted, the maintenance would terminate upon remarriage or, of course, death.  Debtor also argues that the district court could have made the award modifiable if it intended it to be support, but this Court does not find anything in the district court's order that prevents the award from being modified if the statutory requirements are met within the four years during which the payments are to be made to Plaintiff.

Debtor also argues that because the district court included his income received from the renewal commissions in the discussion of marital property that the court intended for the commission income to be treated and divided as marital property and not as maintenance.  However, in making its decision, the district court clearly treated the commission income as Debtor's income and not as marital property as further indicated by including it as Debtor's income in the child support calculation.

An additional argument that Debtor made at trial was that because Plaintiff did not mark the priority box on her claim form regarding this $1,250 monthly amount that that was indicative of her admission that is was not maintenance.  However, Plaintiff filed the claim forms as a pro se debtor and the issue is admittedly not clear cut as to whether the payments are priority maintenance or not, hence the need for this adversary proceeding.  The Court will use the traditional factors it has discussed above as its guidance and believes that they show the monthly payments were intended as priority maintenance payments.

As noted at trial, this Court will not address any of Debtor's arguments that the district court's Judgment was erroneous or incorrect.  This Court does not have the power to determine

that the state court was wrong and will defer to the state court with regards to matters of marital dissolution, except as to determining the dischargeability of obligations created by the decree of dissolution. *See Bruggen v. Bruggen (In re Bruggen)*, 82 B.R. 515, 517 (Bankr. W.D. Mo. 1987); *Childers v. Childers (In re Childers)*, 2005 WL 1397159 (Bankr. W.D. Mo. 2005).

C. Attorney's Fees

An award of attorney's fees in a dissolution proceeding can be non-dischargeable if the court determines that the award was in the nature of support. *See Rump v. Rump (In re Rump)*, 150 B.R. 450, 454 (Bankr. E.D. Mo. 1993). The courts tend to look at factors such as the disparities in the parties education, training, employment history or earning capacities. *See, e.g., Id.; In re Williams*, 703 F.2d at 1057.

For the same reasons as discussed above, the evidence would indicate that the attorney's fees award was made to balance any such disparities between the parties. Therefore, based on the evidence presented by Plaintiff to establish that the attorney's fee award was intended as support or maintenance, such debt is excepted from discharge pursuant to § 523(a)(5).

It is therefore

ORDERED that the debt for monthly maintenance payments in the amount of $1,250 to Plaintiff be and is hereby excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). It is further

ORDERED that the attorney's fees debt in the amount of $9,178.69 Debtor was ordered to pay in the dissolution proceeding be and is hereby excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:     August 3, 2010             /s/ Dennis R. Dow
                                      THE HONORABLE DENNIS R. DOW
                                      UNITED STATES BANKRUPTCY JUDGE

Copies to:

L. Clay Barton

Daniel L. Allen